IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NANCY BLUTE, parent and legal guardian of the minor C.B. and on behalf of C.B., <br><br> Plaintiff, <br><br> v. <br><br> SASCHA SUDIKOFF and JEFFREY SUDIKOFF, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING STIPULATED MOTION FOR APPROVAL OF MINOR'S SETTLEMENT** <br><br><br> Case No. 2:25-cv-00108-JNP-DBP <br><br> Chief District Judge Jill N. Parrish |

On July 9, 2026, Plaintiff and Defendants moved for the court to approve a settlement in the instant case. ECF No. 23. The court DENIES the motion because approval from this court is not needed for this settlement agreement.

## BACKGROUND

Plaintiff alleges that dogs owned by Defendant Sascha Sudikoff and kept by Defendant Jeffrey Sudikoff attacked C.B., a minor. Plaintiff, C.B.'s mother, filed suit on behalf of C.B. in the Third Judicial District Court of Utah, and Defendants removed the case to this court.

Plaintiff also petitioned the state court to appoint her as conservator of the Estate of C.B. *See In the Matter of the Estate of C.B., a protected person*, No. 263500030. The state court approved the petition, appointing Plaintiff as C.B.'s conservator on July 7, 2026. ECF No. 23-1. Plaintiff, as conservator, and Defendants then moved to settle the case. They filed a stipulated motion to this court seeking approval of the settlement agreement. ECF No. 23.

**DISCUSSION**

Despite the stipulated nature of the motion, the court finds it prudent to consider as a threshold matter whether it is proper for the court to review and approve the settlement. After all, the parties point to no case law speaking to the court's obligations in reviewing a settlement involving a minor.

From the court's own review of the case law, it appears that the court does have a duty to review settlements involving minors. *See Thompson v. Maxwell Land Grant and Railway Co.*, 168 U.S. 451, 463 (1897) ("Ordinarily, indeed, a court, before entering a consent decree, will inquire whether the terms of it are for the interest of the infants. It ought in all such cases to make the inquiry . . . ."); *Glover v. Bradley*, 233 F. 721, 727 (4th Cir. 1916) ("Without respect to consent it is always the duty of the court to make careful inquiry as to the rights and interests of the infants before adjudicating them . . . ."); *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("It has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests."). The Ninth Circuit, for example, has located this duty in part from the Federal Rules of Civil Procedure.[1] *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). As it stated:

> "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district

---

[1] Some courts point to their own local rules in finding that judicial review of a settlement agreement involving a minor is necessary. *See, e.g.*, *A.J. v. Marriott Vacations Worldwide Corp.*, No. SACV181070JVSJDEX, 2019 WL 2871164, at *2 (C.D. Cal. Apr. 5, 2019). This court's local rules do not speak to the question.

court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978).

*Id.* (cleaned up).[2]

But the exercise of review may implicate different standards and state law nuances. For courts sitting in diversity, like this court, state substantive law and federal procedural law applies. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Numerous courts have held that "the validity of a settlement agreement, including the issue of whether the agreement is subject to judicial approval, is a matter of substantive law to which state law applies." *Cunningham v. Arden Cts. of Yardley PA, LLC*, No. 25-CV-0021, 2025 WL 2784229, at *1 (E.D. Pa. Sept. 30, 2025); *see In re Smithland Towing & Constr. LLC*, No. 5:18-CV-113-BJB, 2024 WL 504027, at *2 (W.D. Ky. Jan. 2, 2024) (noting the same).

While the Tenth Circuit has not explicitly ruled on this question, other circuit courts have agreed that applying state substantive law is appropriate in this context. *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988) (applying state law in finding that settlement of a minor's claim is subject to court approval); *Goesel v. Boley Int'l (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) ("We join our colleagues in other federal courts in characterizing judicial approval of settlements involving minors as a matter of substantive law."); *Burke v. Smith*, 252 F.3d 1260, 1266 (11th Cir. 2001) (finding that state substantive law applies with regard to the settlement of minors' claims).

---

[2] In *Robidoux*, the Ninth Circuit held that for cases involving the settlement of a minor's federal claims, a district need only consider if the net recovery of each minor plaintiff is fair and reasonable. It explicitly stated it did not express a view on the "proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2.

Other circuits, including the Tenth Circuit, have applied state law in related contexts. *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 76 (3d Cir. 1996) (finding that state law governs whether an individual has the legal authority to bind a claimant to an administrative settlement under the FTCA given the gap in federal law); *Barber v. Cincinnati Bengals, Inc.*, 41 F.3d 553, 558 (9th Cir. 1994) (applying state law in analyzing whether a parent may release a child's cause of action prior to an injury); *United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967) (citing to state law when holding that "[w]ith the interests of minors at stake, the trial judge had a special obligation to see that they were properly represented, not only by their own representatives but also by the court itself").

Given this persuasive precedent, the court looks to Utah law to determine its judicial review obligations. Utah Code 75-5-424 states that a conservator, "acting reasonably in efforts to accomplish the purpose for which the conservator was appointed, may . . . act without court authorization or confirmation, to . . . settle a claim by or against the estate or the protected person by compromise, arbitration, or otherwise." Utah Code Ann. § 75-5-424(4)(s)(ii).

Here, Plaintiff was appointed as C.B.'s conservator by the state court. Acting as conservator, she entered into a settlement agreement with Defendants. Plaintiff did not need court authorization or confirmation to do so, and the court thus declines the parties' stipulated request to approve the settlement agreement.

## CONCLUSION AND ORDER

For the above reasons, the court DENIES the stipulated motion for approval of the settlement. ECF No. 23. Given the agreed-upon settlement, the court invites the parties to file a stipulated dismissal to close the case pursuant to Federal Rule of Civil Procedure 41. If the parties have authority suggesting court approval is required in this case, the parties may re-file this motion with such authority included.

Signed July 15, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge